# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHMAEL M. CARTER,<br><br>        Plaintiff,<br><br>   v.<br><br>KATHY MENDOZA-POWERS, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-001232-OWW-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>ORDER STRIKING SUPPLEMENTAL COMPLAINT<br><br>(Doc. 10) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Ishmael M. Carter ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 29, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. Plaintiff's Eighth Amendment Medical Care Claim

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff is seeking money damages, and names Acting Warden Kathy Mendoza-Powers and Appeals Coordinator Todd Stiles as defendants. Plaintiff alleges a claim for relief based on medical malpractice (negligence).

Plaintiff may not pursue a claim for relief under section 1983 for medical malpractice or negligence. Section 1983 provides a cause of action for violation of plaintiff's rights under federal law. The Eighth Amendment protects plaintiff from acts of deliberate indifference to serious medical needs, but acts of malpractice, or negligence, do not rise to the level of an Eighth

Amendment violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Because plaintiff brought this action in federal court and used a section 1983 complaint form, the court will construe plaintiff's claim as one brought for violation of the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff has not alleged any facts that support a claim for relief for violation of the Eighth Amendment. Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail on a deliberate indifference claim, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk

3

to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

A claim for relief under section 1983 must be based on a defendant's personal involvement in the deprivation of plaintiff's rights under federal law. In this instance, plaintiff has not alleged any facts that would support a claim that either of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Defendant Mendoza-Powers is the Acting Warden at Avenal State Prison. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff was provided with medical care and decisions were made concerning plaintiff's medical care by staff members at Avenal State Prison. Plaintiff may not attempt to impose liability on Warden Mendoza-Powers simply because she holds a managerial position and is responsible for overseeing the prison. Liability based on actions of subordinates is precluded under section 1983, unless plaintiff is able to allege facts demonstrating some personal involvement in his care, as set forth in the preceding paragraph.

With respect to defendant Stiles, his involvement in processing plaintiff's appeal does not provide a basis upon which to impose liability under section 1983. The inmate appeals process

4

"does not confer any substantive right upon" plaintiff. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Absent the existence of allegations indicating involvement in plaintiff's care, actions in reviewing plaintiff's administrative appeal cannot serve as the basis for liability against defendant Stiles under a § 1983 action. Buckley, 997 F.2d at 495.

D. Supplemental Complaint

On January 9, 2006, plaintiff filed a supplemental complaint. Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff did not file a motion seeking leave to supplement his complaint. Because the court did not grant plaintiff leave to file a supplemental complaint, plaintiff's supplemental complaint was filed in error.

Plaintiff is now incarcerated at California State Prison-Solano, and seeks to supplement his complaint to include an Eighth Amendment claim based on medical care he received at Solano. Venue for plaintiff's new claim is proper in the Sacramento Division of the Eastern District of California, not the Fresno Division. Based on a review of plaintiff's supplemental complaint, the court concludes that the events at Solano are not intertwined with the events at Avenal such that justice would require the court to allow plaintiff to pursue his Solano claim in this action. If plaintiff wishes to proceed in an action based on the events at Solano, he must file suit in the Sacramento Division. Because plaintiff was not granted leave to file a supplemental complaint, the supplemental complaint shall be stricken from the record.

E. Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 for deliberate indifference to plaintiff's serious medical needs. The court

///

1 will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies
2 identified by the court in this order.

3       Plaintiff is informed he must demonstrate in his complaint how the conditions complained
4 of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d
5 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
6 involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
7 connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S.
8 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,
9 743 (9th Cir. 1978).

10       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
11 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
12 supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once
13 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
14 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
15 of each defendant must be sufficiently alleged.

16       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

17     1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
18           upon which relief may be granted under section 1983;

19     2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

20     3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
21           amended complaint;

22     4.     If plaintiff fails to file an amended complaint in compliance with this order, the court
23           will recommend that this action be dismissed, with prejudice, for failure to state a
24           claim upon which relief may be granted; and

25 ///
26 ///
27 ///
28 ///

5. Plaintiff's supplemental complaint, filed January 9, 2006, is STRICKEN.

IT IS SO ORDERED.

**Dated:   May 13, 2006**                             **/s/ Lawrence J. O'Neill**
b9ed48                                         UNITED STATES MAGISTRATE JUDGE